UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE PARHAM,<br><br>             Plaintiff,<br><br>       v.<br><br>CITY OF WEST COVINA, *et al.*,<br><br>             Defendants. | Case No. 2:21-cv-09114-FLA (GJSx)<br><br>**ORDER TO SHOW CAUSE WHY ONE OR MORE CLAIMS SHOULD NOT BE STAYED PENDING APPEAL OF QUALIFIED IMMUNITY ISSUES [DKT. 72]** |

## ORDER TO SHOW CAUSE

On August 21, 2024, Defendants Officer N. Robles, Officer Carlos Gonzalez, Officer A. Hernandez, and Officer Matthew Muñoz (collectively, "Defendants") filed a notice of appeal ("Notice of Appeal"), Dkt. 72, from the court's order denying Defendants' motion for summary judgment, including on the issue of qualified immunity, Dkt. 71.

"Ordinarily a denial of a motion for summary judgment is not a final order and thus is not appealable." *Liberal v. Estrada*, 632 F.3d 1064, 1073–74 (9th Cir. 2011) (cleaned up). "[H]owever, a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the

meaning of [28 U.S.C.] § 1291 notwithstanding the absence of a final judgment." *Id.* (cleaned up) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)).

The court of appeals, however, does not have jurisdiction where the appeal is based on disagreement with a district court's interpretation of facts. *Liberal*, 632 F.3d at 1074; *see also Knox v. Southwest Airlines*, 124 F.3d 1103, 1107 (9th Cir.1997) ("[The court of appeals] ha[s] jurisdiction over an interlocutory appeal from the denial of qualified immunity where the appeal focuses on whether the defendants violated a clearly established law given the undisputed facts, while we do not have jurisdiction over an interlocutory appeal that focuses on whether there is a genuine dispute about the underlying facts.").

As the Ninth Circuit explained in *Est. of Anderson v. Marsh*, 985 F.3d 726, 731 (9th Cir. 2021):

> [W]hether jurisdiction is lacking … ultimately turns on the nature of the defendant's argument on appeal. If the defendant argues only that the evidence is insufficient to raise a genuine issue of material fact, we lack jurisdiction. If the defendant's appeal raises purely legal questions, however, such as whether his ***alleged*** conduct violated clearly established law, we may review those issues.

(emphasis added). Thus, in *Anderson*, because the defendant's interlocutory appeal challenged "only the district court's conclusion that there [was] sufficient evidence to create a genuine dispute as to the factual question that will determine whether [defendant]'s use of force was reasonable," the court of appeals lacked jurisdiction. *Id.* at 728.

Additionally, the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also Peck v. Cnty. of Orange*, 528 F. Supp. 3d 1100, 1107 (C.D. Cal. 2021) (staying § 1983 claims pending resolution of qualified immunity appeal as the court "no longer ha[d] jurisdiction" over these claims).

Last, a district court may certify an appeal is frivolous or waived, and, if the court issues such a certification, the appeal does not divest the court of jurisdiction to continue the proceedings on the issues involved in the appeal. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992); *Peck v. Cnty. of Orange*, 528 F. Supp. 3d 1100, 1104 (C.D. Cal. 2021)

Accordingly, the court ORDERS the parties to show cause in writing within fourteen (14) days of this Order why one or more claims should not be stayed pursuant to Defendants' Notice of Appeal. The parties should address in detail the issues on appeal, whether they involve a question of law or a disagreement with the court's interpretation of facts, and whether the court should certify as frivolous one or more of the issues on appeal.

IT IS SO ORDERED.

Dated: September 23, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge